IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-116-D

| | | |
|---|---|---|
| ALAN PITTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES D. O'GEARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 14, 2012, Alan Pitts, Seneca Nicholson-Pitts, and Deryl Von Williams filed a pro se complaint against a variety of officials with the City of Henderson, North Carolina, the Vance County Board of Elections and its chair Faye Gill, the North Carolina Board of Elections and its then Executive Director Gary O. Bartlett, and other State defendants (including the State of North Carolina and the North Carolina General Assembly). See Pitts v. O'Geary, 914 F. Supp. 2d 729, 730 (E.D.N.C. 2012). Pitts, Nicholson-Pitts, and Williams alleged that the defendants violated the Voting Rights Act of 1965, 42 U.S.C. § 1973c, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 in connection with municipal elections in Henderson in 2011 and 2012 and sought punitive damages, injunctive relief, and declaratory relief. Id. Defendants moved to dismiss the complaint because plaintiffs failed to properly serve process on defendants. See id. at 730–35. On December 17, 2012, the court granted the motions to dismiss and dismissed the complaint without prejudice under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. See id.

On February 15, 2013, Pitts, Nicholson-Pitts, and Williams (as well as new plaintiff Charles Douglas) (collectively "plaintiffs") filed a new complaint, which was docketed with case number 5:13-CV-116-D [D.E. 1]. Plaintiffs again sued the City of Henderson, Mayor James D. O'Geary,

Ray Griffin, Frank Frazier, Sara M. Coffey (misspelled Coffery in the complaint), Garry Daeke, Michael C. Insco, D. Michael Rainey, Brenda Peace-Jenkins, George M. Daye, James C. Kearney, Sr., John H. Zollicoffer, Jr., Lonnie Davis, Jr., the Vance County Board of Elections, and Faye Gill (who chairs the Vance County Board of Elections). See id. Plaintiffs also again sued the State of North Carolina, the North Carolina General Assembly, the North Carolina Board of Elections, and the former Executive Director of the North Carolina Board of Elections, Gary O. Bartlett. Id. The new complaint essentially made the same allegations contained in the original complaint. See id. On February 21, 2013, the clerk issued summonses and then reissued summonses on August 7, 2013 [D.E. 4, 15].

On June 20, 2013, the City of Henderson defendants filed a motion to dismiss under Rules 12(b)(5) and 41(b) [D.E. 8].[1] On August 7, 2013, plaintiffs responded in opposition [D.E. 17]. In their response, plaintiffs did not assert that they, in fact, served any defendants. See id. On August 7, 2013, plaintiffs also filed a pro se petition for writ of mandamus with the United States Court of Appeals for the Fourth Circuit and argued that this court was mismanaging the case [D.E. 18]. On October 23, 2013, the Fourth Circuit denied the petition. See In re Pitts, No. 13-1993, 2013 WL 5737712 (4th Cir. Oct. 23, 2013) (per curiam) (unpublished).

On October 26, 2013, an unidentified person sent via certified mail a summons for the City of Henderson, a summons for each of the individual City of Henderson defendants, and an unsigned copy of the complaint to defendant Mayor James D. O'Geary at his home. [D.E. 34] 2–3; cf. Fed. R. Civ. P. 4(c)(2), (e), (j), (l).

---

[1] The City of Henderson defendants are James D. O'Geary, Ray Griffin, Frank Frazier, Sara M. Coffey, Garry Daeke, Michael C. Inscoe, D. Michael Rainey, Brenda Peace-Jenkins, George M. Daye, James C. Kearney, Sr., John H. Zollicoffer, Jr., and Lonnie Davis, Jr. See [D.E. 9].

2

On October 28, 2013, this court entered an order stating that if plaintiffs failed to properly serve defendants by December 6, 2013, the complaint would be dismissed without prejudice [D.E. 21]. The court also asked the defendants to provide a status report as of December 9, 2013. Id.

On October 28, 2013, an unidentified person sent via certified mail an unsigned complaint, substantially similar (but not identical) to the one filed with the court on February 15, 2013, to defendant Faye Gill at the Vance County Board of Elections. See [D.E. 35] Ex. 1; cf. Fed. R. Civ. P. 4(c)(2), (e), (j), (l). Gill is the Director of the Vance County Board of Elections.

On November 19, 2013, defendants Gary O. Bartlett, the State of North Carolina, the North Carolina General Assembly, and the North Carolina Board of Elections ("State defendants") moved to dismiss the complaint pursuant to Rules 12(b)(1), (b)(2), (b)(5), and (b)(6). See [D.E. 29]. The State defendants also submitted a memorandum of law in support [D.E. 30]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiffs about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 32].

The State defendants contend that plaintiffs failed to effect proper service of process on the North Carolina State Board of Elections and Gary O. Bartlett. See id. 3–4. According to the State defendants, plaintiffs did not serve Gary O. Bartlett (or his successor Kim Westbrook Strach) or the North Carolina State Board of Elections. As the State defendants note, plaintiffs could have served the North Carolina State Board of Elections in accordance with Rule 4(j)(2) or N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(b). Id. 5. Plaintiffs did not. Id. Likewise, plaintiffs could have served Bartlett or Strach in accordance with Rule 4(e). Id. 6. They did not. Id. Thus, the State defendants ask the court to dismiss the complaint as to the North Carolina State Board of Elections and Gary O. Bartlett.

As for plaintiffs' claims against the State of North Carolina, the State defendants also contend that this court lacks subject-matter jurisdiction over plaintiffs' claims against the State of North

3

Carolina based on the Eleventh Amendment. See id. 6–8; see also California v. Deep Sea Research, Inc., 523 U.S. 491, 501–02 (1998); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–67 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). As for the North Carolina General Assembly, the State defendants also argue that plaintiffs have not plausibly alleged that the North Carolina General Assembly engaged in any wrongdoing. See [D.E. 9] 8; cf. [D.E. 1] ¶ 5.4; Fed. R. Civ. P. 12(b)(6).

On December 4, 2013, plaintiffs once again attempted to serve the Vance County defendants, this time by mailing via United Parcel Service ("UPS") a package containing a copy of the summons and the complaint that was filed with the court on February 15, 2013. See [D.E. 35] Ex. 2–4; [D.E. 36] Ex. 1. The UPS envelope indicates that plaintiff Seneca Nicholson-Pitts mailed the summons and complaint from a Staples store in Raleigh. The envelope in the UPS package that contained the summons and complaint gave the return address as that of plaintiff Alan Pitts. See [D.E. 35] Ex. 4; cf. Fed. R. Civ. P. 4(c)(2), (e), (j), (l).

On December 9, 2013, the Vance County defendants [D.E. 35] and the City of Henderson defendants [D.E. 34] filed case status reports. The reports state that, to date, plaintiffs have not served defendants in compliance with Rule 4 and that plaintiffs have not filed proof of service in compliance with Rule 4(l). Accordingly, the Vance County defendants and City of Henderson defendants contend that this court should dismiss the latest complaint in accordance with the court's order of October 28, 2013, and Rules 12(b)(4) and 12(b)(5). Plaintiffs did not file a case status report.

On December 16, 2013, plaintiffs attempted to comply with Rule 4(l) by filing an affidavit certifying that they had served copies of the summons and complaint on each defendant. See [D.E. 36]; cf. Fed. R. Civ. P. 4(l). The attached exhibit, however, indicates that two plaintiffs, Alan Pitts

4

and Seneca Nicholson-Pitts, sought to use UPS to serve only two defendants, Faye Gill and James D. O'Geary. See [D.E. 36] Ex. 1. Plaintiffs also indicated that plaintiff Charles Douglas no longer wished to participate in the action. See id. 2.

On December 16, 2013, plaintiffs sought an extension of time to respond to the State defendants' motion to dismiss [D.E. 37]. On December 18, 2013, the request was granted and plaintiffs received until January 16, 2014, to respond [D.E. 44].

On December 18, 2013, the City of Henderson defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), see [D.E. 39], and submitted a memorandum of law in support. See [D.E. 40]. The City of Henderson defendants reiterated that plaintiffs had not yet served them in compliance with Rule 4. See id. 2.

On December 18, 2013, the Vance County defendants moved to dismiss the complaint pursuant to Rules 12(b)(2), (b)(5), and (b)(6), see [D.E. 42], and submitted a memorandum of law in support. See [D.E. 43]. The Vance County defendants contend that plaintiffs failed to effect proper service of process because plaintiffs personally served them with a modified complaint not on record with the court. See id. 3–4; cf. Fed. R. Civ. P. 4(c)(1)–(2).

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiffs about the motions to dismiss filed by the City of Henderson and Vance County defendants, the consequences of failing to respond, and the response deadline [D.E. 45]. Plaintiffs had until January 16, 2014, to respond to these motions as well. Plaintiffs failed to respond to any of the motions to dismiss [D.E. 29, 39, 42] by the January 16, 2014 deadline.

Federal Rule of Civil Procedure 4 details the means of properly effecting service of a summons and complaint. Rule 4(c) details who may serve a summons and complaint. Rule 4(e) details how to serve an individual within a judicial district of the United States. Rule 4(j) details

5

how to serve a state or local government. Rule 4(*l*) details how to prove service. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Once service has been contested, plaintiffs must establish the validity of service pursuant to Rule 4. See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Because defendants did not waive or consent to service, plaintiffs must prove that they validly served these defendants. If service is not perfected within 120 days of filing the complaint, the court must dismiss the action without prejudice unless plaintiffs show good cause for the failure to properly serve. Fed. R. Civ. P. 4(m).

Only a "person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added); see also N.C. Gen. Stat. § 1A-1, Rule 4(a) ("The complaint and summons shall be delivered to some proper person for service."). Thus, plaintiffs may not personally serve defendants. See, e.g., Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010); Dougherty v. Snyder, No. 1:CV-10-1071, 2010 WL 3168323, at *1 (M.D. Pa. July 29, 2010) (unpublished); Price v. Hous. Auth. of New Orleans, No. CIV.A. 09-4257, 2010 WL 2836103, at *1 (E.D. La. July 16, 2010) (unpublished). This principle in Rule 4(c)(2) applies "[e]ven when service is effected by use of the mail[.] [O]nly a nonparty can place the summons and complaint in the mail . . . . [T]he rule contains no mailing exception to the nonparty requirement for service." Constien, 628 F.3d at 1213–14; Reale v. Wake Cnty. Human Servs., No. 5:11-CV-682-D, 2013 WL 2635181, at *2 (E.D.N.C. June 12, 2013) (unpublished); Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1–2 (M.D.N.C. Feb. 14, 2013) (unpublished); Knotts v. Univ. of N.C. Charlotte, No. 3:08-CV-478, 2011 WL 650493, at *8–9 (W.D.N.C. Feb. 10, 2011) (unpublished).

6

The record shows that two plaintiffs served two defendants (Faye Gill and James D. O'Geary) personally by UPS rather than through a nonparty. See [D.E. 36] Ex. 1. The record lacks proof of proper service in affidavit form as to any defendants. Cf. Fed. R. Civ. P. 4 (*l*)(1). Simply put, plaintiffs have failed to prove that they satisfied Rule 4 as to any defendants. See, e.g., Dougherty, 2010 WL 3168323, at *4–5; Price, 2010 WL 2836103, at *1. Even pro se plaintiffs must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir. 1990) (per curiam). Although the court recognizes that it enjoys some discretion in enforcing Rule 4 when there is actual notice, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(m) permits the court to extend the 120-day time for service when a plaintiff shows good cause for the failure to serve a defendant or defendants. See, e.g., Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793–94 (4th Cir. 2010) (per curiam) (unpublished); Giacomo-Tano v. Levine, 199 F.3d 1327, 1999 WL 976481, at *1–2 (4th Cir. Oct. 27, 1999) (per curiam) (unpublished table decision); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237, 1999 WL 957698, at *1–3 (4th Cir. Oct. 19, 1999) (per curiam) (unpublished table decision); Mendez v. Elliot, 45 F.3d 75, 78–79 (4th Cir. 1995). Additionally, the court has discretion to extend the 120-day period if a plaintiff can show excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Henderson v. United States, 517 U.S. 654, 662–63 (1996).

Plaintiffs have not shown good cause or excusable neglect. See, e.g., Mendez, 45 F.3d at 78–80. Moreover, the court has given plaintiffs multiple chances to comply with Rule 4 as to the defendants, but they have failed to comply. Filing a lawsuit is serious business and plaintiffs'

7

complaint includes serious allegations, yet plaintiffs are not taking the lawsuit seriously, taking Rule 4 seriously, or taking this court's order of October 28, 2013, or this court's extension of December 18, 2013, seriously.

In sum, despite ample time to do so, plaintiffs have not complied with Rule 4 or this court's orders. Thus, the court DISMISSES the complaint without prejudice pursuant to Rules 12(b)(4) and 12(b)(5). If plaintiffs again refile a complaint (and nothing in this orders bars them from doing so), they must read and comply with Rule 4. In addition, the court GRANTS the State defendants' motion to dismiss the State of North Carolina under the Eleventh Amendment. The court lacks jurisdiction over the State of North Carolina, and the State of North Carolina is DISMISSED as a defendant. Finally, the court DECLINES to address the State defendants' argument under Rule 12(b)(6) concerning the North Carolina General Assembly. If plaintiffs refile and properly serve the North Carolina General Assembly, the court will request that a three-judge court be convened to address any motion under Rule 12(b)(6).

SO ORDERED. This 21 day of January 2014.

JAMES C. DEVER III
Chief United States District Judge